UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>COLBY HAGGERTY,<br><br>　　　　　　　Defendant. | CR. 14-50046-JLV<br>CR. 15-50138-JLV<br><br><br>ORDER |

**INTRODUCTION**

On May 20, 2014, an indictment charged defendant Colby Haggerty with receipt of child pornography, count I, and possession of child pornography, count II.  (CR. 14-50046, Docket 1).

On November 3, 2015, an indictment relating to subsequent acts charged Mr. Haggerty with receipt of child pornography, count I, and possession of child pornography, count II.  (CR. 15-50138, Docket 1).  On July 25, 2016, the government filed a motion to dismiss count II.  (CR. 15-50138, Docket 30).  The court dismissed count II without prejudice on July 26, 2016.  (CR. 15-50138, Docket 31).

On August 16, 2016, defendant filed a motion to sever counts I and II in CR. 14-50046.  (CR. 14-50046, Docket 104).  On the same day defendant also filed a motion *in limine* regarding the government's presentation of child pornography images to the jury.  (CR. 14-50046, Docket 106).  The government

filed its response to both motions on September 6, 2016. (CR. 14-50046, Dockets 120 & 121).

On August 17, 2016, the government filed motions for joinder of the cases and notices pursuant to Fed. R. Evid. 404(b) in both cases. (CR. 14-50046, Dockets 108 & 110; CR. 15-50138, Dockets 33 & 35). On August 24, 2016, defendant filed responses in opposition to the joinder motions and the Rule 404(b) notices. (CR. 14-50046, Dockets 116 & 118; CR. 15-50138, Dockets 38 & 40). Because the pleadings of the parties are nearly identical in both cases, the court will focus on the arguments of counsel in CR. 14-50046 unless otherwise indicated.

## FACTS

The court determines the propriety of joinder based on the indictment's allegations and those allegations are to be considered as true. United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984) (overturned on other grounds). In CR. 14-50046, the court ordered the government to file a bill of particulars describing the evidence and alleged conduct supporting each count of the indictment. (CR. 14-50046, Docket 97 at pp. 8-9). The government filed a bill of particulars on July 25, 2016. (CR. 14-50046, Docket 101). The same occurred in CR. 15-50138. (CR. 15-50138, Dockets 26 & 29). The bill of particulars in each case is part of the record the court considers in determining severance and joinder.

The following facts come from the indictment and bill of particulars in CR. 14-50046. On April 16, 2014, Detective Russ Eisenbraun, Investigator

Jonathan Kirk,[1] and Investigator Benjamin Tallman[2] went to defendant's residence at Ellsworth, AFB, South Dakota.  (CR. 14-50046, Docket 101 at p. 1).  They knocked on defendant's door and defendant allowed them inside his residence.  Id. at p. 2.  The agents spoke with defendant in his residence and eventually conducted an interview in the dormitory's common area.  Id. Defendant stated he downloaded child pornography and used at least one computer in his residence to view child pornography.  Id.  The agents seized several of defendant's electronic devices and hundreds of child pornography images on those devices.  Id.

The following facts come from the indictment and bill of particulars in CR. 15-50138.  On October 14, 2015, defendant resided at Community Alternatives of the Black Hills ("CABH") while on pretrial release.  (CR. 15-50138, Docket 29 at pp. 1-2).  On that day, a CABH employee discovered defendant had an unauthorized cell phone.  Id.  Upon searching the phone, the employee found internet searches on the phone suggesting the user sought child pornography, which an ICAC agent later confirmed.  Id. at pp. 3-4.  An ICAC agent conducted a forensic evaluation of the cell phone and found images of child pornography.  Id. at p. 4.

---

[1]Eisenbraun and Kirk are members of the Internet Crimes Against Children Taskforce ("ICAC").

[2]Tallman works at the Air Force Base ("AFB") Office of Special Investigations.

**ANALYSIS**

**I.    MOTION TO SEVER CHARGES**

**A. RULE 8**

When a defendant moves for severance, the court first must determine whether joinder is proper under Fed. R. Crim. P. 8.  United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005). Subsection (a) governs the joinder of offenses and states as follows:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).  "Joinder is proper if any one of these three standards is met."  United States v. Kirk, 528 F.3d 1102, 1107 (8th Cir. 2008).  Courts should broadly construe Rule 8 in favor of joinder to promote the important interest of judicial efficiency.  United States v. McCarther, 596 F.3d 438, 441-42 (8th Cir. 2010).  The United States Court of Appeals for the Eighth Circuit explained the rationale behind this policy:

> Joint trials, on all counts of an indictment, are generally preferable for several reasons.  First, separate trials necessarily involve a certain degree of "inconvenience and expense."  Second, trying all counts together serves the important function of giving "the jury the best perspective on all of the evidence," thereby increasing the likelihood that the jury will reach "a correct outcome."

Kirk, 528 F.3d at 1107.

Defendant argues the government did not properly join counts I and II of the indictment under Rule 8.  (Docket 105 at pp. 1-3).[3]  He claims there "is no requirement that the counts be tried together; [t]he [c]ourt has discretion in this case as to which counts should be tried together; [t]he counts of the indictment violate Double Jeopardy[;] [t]he counts are multiplicitous and duplicitous; and, [t]he jury instructions in this case will confuse the jury" and prejudice him.[4]  Id. at p. 5.

The government claims joinder is proper under Rule 8.  (Docket 120 at p. 2).  The government asserts the counts are properly joined because they relate to child pornography and are established by evidence on the same electronic devices, which heightens the likelihood the conduct occurred during the same time period.  Id.

To meet Rule 8's "same or similar character" standard, three factors must be shown.  See United States v. Boyd, 180 F.3d 967, 981 (8th Cir. 1999) (internal quotation marks and citations omitted).  First, "the two counts [must] refer to the same type of offenses . . . ."  See id.  Second, they must occur "over a relatively short period of time . . . ."  See id.  And third, the evidence for the counts must overlap.  See id.

With respect to the first factor, counts I and II are the same type of offense because both of them relate to similar child pornography crimes.  See

---

[3]Unless otherwise indicated, docket citations from here on relate to CR. 14-50046.

[4]The thrust of defendant's arguments here seem applicable to Rule 14 as well, which the court addresses later.  See Fed. R. Crim. P. 14(a).

18 U.S.C. §§ 2252A(a)(2)(A), 2252A(a)(5)(B);  see also United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986) (per curiam) (explaining "same" under Rule 8 as including crimes of "similar" character, "which means "[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.") (internal quotation marks omitted and citation omitted).

As to the timeframe, the alleged conduct in count I occurred on or about between August 1, 2009, and August 16, 2014.  (Docket 1 at p. 1).  Count II's alleged conduct occurred on or about April 16, 2014.  Id.  The counts pertain to conduct during the same time period.  See United States v. Garrett, 648 F.3d 618, 625 (8th Cir. 2011) (collecting cases where as much as two years passed between conduct in offenses and there was no Rule 8 problem).

With respect to the third factor, the evidence for counts I and II overlaps because the electronic device pertinent to count II is also evidence the government seeks to use in proving count I.  (Docket 101 at pp. 2-4).

The court finds the government joined counts I and II of the indictment consistent with Rule 8.  The court also finds the indictment does not present multiplicity, duplicity, or jury confusion problems.

## B. RULE 14

Defendant objects to joinder of counts I and II in the indictment based on Fed. R. Crim. P. 14.  (Docket 105 at pp. 3-4).  That rule provides:

> If the joinder of offenses . . . or a consolidation for trial appears to prejudice a defendant . . . the court may order separate trials of counts   . . . or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

"Even if charges are properly joined under Rule 8, a district court may exercise its discretion and sever the charges if the defendant will be prejudiced by the joinder of the two charges." Garrett, 648 F.3d at 625. "[T]here is a strong presumption against severing properly joined counts . . . [and] [t]he defendant bears the burden of establishing prejudice." Id. at 626. "Prejudice to the defendant must be both 'real' and 'clear' . . . . To satisfy the real prejudice standard, a defendant may show . . . that the jury will be unable to compartmentalize the evidence . . . . The defendant carries a heavy burden in making this showing." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation marks and citation omitted).

The Eighth Circuit explained the rationale for placing a "heavy burden" on defendant to show real and clear prejudice:

> The danger of prejudice to a defendant is inherent in any proceeding in which the Government tries a single defendant for multiple crimes. For example, a jury may improperly use evidence of one crime to infer that a defendant committed another offense. Indeed, a jury may cumulate evidence to find guilt on all crimes, whereas it would not have found guilt on any crime, if it had considered the offenses separately. Only in an unusual case, however, will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder. Accordingly, separate trials are required only where prejudice caused by a joint trial is severe or compelling.

Kirk, 528 F.3d at 1107-08 (internal citations and quotation marks omitted).

Defendant claims there is sufficient prejudice because "[e]vidence of each alleged incident taints the others" and the jury will cumulate the evidence.

7

(Docket 105 at p. 4).  He also argues prejudice arises because he cannot testify as to only one count if he decides to testify at trial.[5]  Id.

The government's primary response is the defendant shows insufficient prejudice when evidence of one charge is admissible in trial on the other count. (Docket 120 at pp. 2-3).  The government also argues against defendant's claim the two counts rely on the same evidence and present double jeopardy and multiplicity issues.  Id. at p. 3.

Defendant's arguments on prejudice throughout his motion to sever charges are conclusory and speculative.  Under Rule 14, defendant must demonstrate "real" and "clear" prejudice.  See Payton, 636 F.3d at 1037. Defendant fails to overcome the "heavy burden" of showing Rule 14 prejudice and the strong presumption against severing properly joined counts.  See id. The court finds defendant does not show sufficient prejudice under Rule 14 to sever counts I and II.

**C. DOUBLE JEOPARDY**

The court's June 16, 2016, order discusses whether the combination of counts I and II violates the Fifth Amendment's Double Jeopardy Clause. (Docket 97 at pp. 5-9).  Defendant's motion to sever charges argues combining counts I and II in this case violates the Double Jeopardy Clause because the counts draw on the same evidence.  (Docket 105 at p. 2).  In response, the

---

[5]The court noted earlier some of defendant's arguments in the Rule 8 section of his brief go to the issue of Rule 14 prejudice.  The court considers those assertions in determining prejudice under Rule 14.

government claims the bill of particulars shows the charges rely on different evidence.  (Docket 120 at p. 3).

To prove a violation of the Double Jeopardy Clause, a defendant "must show that he was convicted of two offenses that are in law and fact the same offense."  See United States v. Muhlenbruch, 634 F.3d 987, 1002 (8th Cir. 2011) (internal quotation marks and citation omitted).  "Possession of child pornography is a lesser-included offense to receipt of child pornography." United States v. Zavesky, No. 15-3039, 2016 WL 5799690, at *5 (8th Cir. Oct. 5, 2016) (citing Muhlenbruch, 634 F.3d at 1004).  "If the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Muhlenbruch, 634 F.3d at 1002-03 (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)) (internal quotation marks omitted).

In the context of the charges in this case, "[c]onvictions for both possession and receipt of the same image [of child pornography] violate the double jeopardy clause."  Zavesky, 2016 WL 5799690, at *5.  In Zavesky, the government did not violate the Double Jeopardy Clause because it relied on different pieces of child pornography for the offenses of possession and receipt. See id.  However, in United States v. Harvey the government violated the Double Jeopardy Clause when the defendant's convictions of possession and receipt resulted from the same child pornography evidence.  See 829 F.3d 586, 591 (8th Cir. 2016).

9

Based on the bill of particulars, the United States will use only one image for count II, and it will rely on a collection of images for count I that does not include the count II image.  (Docket 120 at p. 3).  Defendant points out the external hard drive with the count II image is a piece of evidence underlying count I.  (Docket 105 at p. 2).  Defendant's argument misses the point because the narrow issue is whether the government alleges both possession and receipt as to a specific piece of child pornography.  See Zavesky, 2016 WL 5799690, at *5 (citing Muhlenbruch, 634 F.3d at 1004).  Possession being a lesser-included offense of receipt can make a case with both offenses potentially ripe for Double Jeopardy Clause issues, but there is not necessarily an issue when any piece of evidence supports both offenses.  At this point, the court finds the combination of counts I and II does not violate the Fifth Amendment's Double Jeopardy Clause because the sole image in count II will not be used for count I.[6]

## II.    MOTION FOR JOINDER

### A. RULE 8

Federal Rule of Criminal Procedure 8 permits the joinder of charges against a defendant.  See Fed. R. Crim. P. 8.  In the earlier discussion of

---

[6]Defendant also suggests the overlap in count I and II's timeframe poses a Double Jeopardy Clause issue.  But the central Double Jeopardy Clause issue is whether an image is being used for both possession and receipt purposes.  Although overlapping time periods may potentially increase the likelihood the government tries to support a possession and receipt charge with the same image, defendant's temporal point is insufficient to show a violation. See United States v. Manning 738 F.3d 937, 946-47 (8th Cir. 2014) (finding no Double Jeopardy Clause violation when different electronic files supported the possession and receipt offenses, even though the timeframe of each offense overlapped).

severance, the court explained Rule 8 and its purpose.  See supra Section I.A.
The government moves to join the charge of another case pending against
defendant, CR. 15-50138, with counts I and II of CR. 14-50046.  (Docket 110).
The court's analysis begins by determining whether joinder of CR. 15-50138's
charge with the 2014 indictment is proper under Rule 8.

In its motion, the government argues joinder is proper under Rule 8
because all of the offenses are of the same or similar character and occurred
close enough in time.  (Docket 111 at p. 2).  The government claims the
approximate 16-month time period between the conduct alleged in CR. 14-
50046 and CR. 15-50138 does not present a Rule 8 problem.  Id. at pp. 2-3.
The government also claims joinder would conserve judicial resources
consistent with Rule 8's purpose.  Id. at pp. 1, 8.

Defendant's response emphasizes joinder will result in prejudice against
him.  (Docket 119 at pp. 1-4).  Defendant also argues the time period between
the two cases is too long under Rule 8 and joinder would not conserve judicial
resources as the government claims.  Id. at pp. 2, 4.

Joinder is consistent with Rule 8 when three factors meet the "same or
similar character" standard.  See supra Section I.A. (listing the factors); Boyd,
180 F.3d at 981.  The first factor requires the offenses be the same or similar
types.  See Boyd, 180 F.3d at 981.  As stated earlier, the indictment in CR. 14-
50046 alleges receipt of child pornography in count I and possession of child
pornography in count II.  (Docket 1 at pp. 1-2).  The court determined counts I
and II are the same type of offense for Rule 8 purposes.  See supra Section I.A.

The only count in CR 15-50138 is receipt of child pornography, which is the same type of offense as count II in CR. 14-50046.  <u>See</u> (CR. 15-50138, Dockets 1 & 31).  The court finds the count in CR 15-50138 is the same type of offense as the counts in CR. 14-50046.

The second factor ensures the offenses joined are not too distant in time. <u>See</u> <u>Garrett</u>, 648 F.3d at 625. The Eighth Circuit decided 17 months and up to two years between alleged offenses is consistent with the "relatively short period of time" factor.  <u>See</u> <u>Lindsey</u>, 782 F.2d at 117 (citing <u>United States v. Rodgers</u>, 732 F.2d 625, 629 (8th Cir. 1984)) (internal quotation marks omitted). With a time period of approximately 16 months between the alleged conduct here, the second factor is met.

The third and final factor asks whether evidence overlaps between the offenses.  <u>See</u> <u>Boyd</u>, 180 F.3d at 981.  This can be met if evidence of one count would be admissible in a separate trial on a different count.  <u>See</u> <u>Garrett</u>, 648 F.3d at 625.  On the same day the government filed its motion for joinder it filed a notice of intent to present evidence under Federal Rule of Evidence 404(b). (Docket 108).  The evidence the government seeks to present is defendant's conduct in CR. 15-50138.  (Docket 109 at p. 7).   The issue of whether defendant's actions in that case are admissible evidence in CR. 14-50046 is important beyond Rule 8.  It is also pivotal to whether joinder is impermissible due to Rule 14 prejudice.  The court must analyze joinder under Rule 14 even if Rule 8 permits it.  <u>See</u> <u>Garrett</u>, 648 F.3d at 625.  The court

turns to Rule 14 to determine the 404(b) issue and resolve the parties'
arguments on joinder.

### B. RULE 14

The court's earlier discussion of Rule 14 regarding defendant's severance
motion sets out Rule 14 and its rationale.  See <u>supra</u> Section I.B.  "Where
evidence that a defendant had committed one crime would be probative and
thus admissible at the defendant's separate trial for another crime, the
defendant does not suffer any additional prejudice if the two crimes are tried
together."  <u>United States v. Dennis</u>, 625 F.2d 782, 802 (8th Cir. 1980).
Defendant objects to the admissibility of the 404(b) evidence the government
proffers.  (Docket 117 at p. 1).  Consequently, resolution of the joinder issue
under Rule 14 in the context of this case necessarily centers on the court's
analysis of defendant's objection to the government's notice of Rule 404(b)
evidence.  Rule 404(b) provides:

> Evidence of a crime, wrong, or other act is not admissible to
> prove a person's character in order to show that on a
> particular occasion the person acted in accordance with the
> character . . . .
>
> This evidence may be admissible for another purpose, such
> as proving motive, opportunity, intent, preparation, plan,
> knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b)(1) & (2).

Other bad acts are not admissible if such evidence has "no bearing on
the case and was introduced solely to prove the defendant's propensity to
commit criminal acts."  <u>United States v. Stroud</u>, 673 F.3d 854, 860 (8th Cir.
2012) (internal quotation marks and citations omitted).  The evidence is

admissible if it is "(1) relevant to a material issue; (2) similar in kind and close in time to the crime charged; (3) proved by a preponderance of the evidence; and (4) if the potential prejudice does not substantially outweigh its probative value." United States v. Thomas, 593 F.3d 752, 757 (8th Cir. 2010) (internal quotation marks omitted and citation omitted).

"Evidence of . . . [other] bad acts is admissible to show a common plan or scheme . . . or intent . . . ." United States v. Baker, 82 F.3d 273, 276 (8th Cir. 1996) (internal citations omitted). "Proximity in time is a factor in deciding whether to admit 404(b) evidence, but there is no fixed period within which the prior acts must have occurred." Id. The lapse of time between the other bad acts and the current charges is not significant to the question of admissibility "particularly if the prior acts are so nearly identical in method as to earmark them as the handiwork of the accused . . . ." Id. (internal quotation marks omitted). Where intent is an element of the crimes charged, "evidence of other acts tending to establish that element is generally admissible." United States v. Green, 275 F.3d 694, 701 (8th Cir. 2001) (quotation marks omitted).

Rule 404(b) is a "rule of inclusion rather than exclusion and admits evidence of other crimes or acts relevant to any issue in the trial, unless it tends to prove only criminal disposition." United States v. Heidebur, 122 F.3d 577, 579 (8th Cir. 1997). "Thus, evidence of prior bad acts that is probative of the crime charged is not excluded under Rule 404(b)." Id. Where evidence of other crimes is "so blended or connected, with the one[s] on trial as that proof of one incidentally involves the other[s]; or explains the circumstances; or

tends logically to prove any element of the crime charged, it is admissible as an integral part of the immediate context of the crime charged." United States v. Swinton, 75 F.3d 374, 378 (8th Cir. 1996) (quotations omitted).

Under Rule 404(b) the evidence is admissible to prove "intent, preparation, plan[ning], knowledge, absence of mistake or lack of accident." Fed. R. Evid 404(b)(2).  The final determination on admissibility under Rule 404(b) must include a balancing of the prejudicial effect of the evidence under Rule 403.  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "[A]lthough all Rule 404(b) evidence is inherently prejudicial, the test for exclusion under Rule 403 is whether its probative value is substantially outweighed by the danger of unfair prejudice."  United States v. Pierson, 544 F.3d 933, 940 (8th Cir. 2008) (quotation marks and brackets omitted).

The government argues the evidence of defendant receiving child pornography in CR. 15-50138 is admissible because it meets the requirements of 404(b).  (Docket 109 at pp. 1-2).  Believing defendant will claim he lacked criminal intent, the government asserts the 404(b) evidence is admissible to show defendant's intent as to counts I and II of this case.  Id. at p. 3.  The government claims the balance of the prejudicial effect and probative value of the evidence supports admitting it.  Id. at p. 6.

15

Defendant objects to admitting the 404(b) evidence. (Docket 117). He argues his conduct in CR. 15-50138 is impermissible propensity evidence. Id. at pp. 2, 5-7. Defendant alleges the evidence does not meet 404(b)'s requirements because of the 16-month gap between the charges in CR. 14-50046 and CR. 15-50138, and the evidence does not show intent as the rule requires. Id. at pp. 2-3. Defendant also argues this 404(b) evidence must have occurred before the conduct alleged in the indictment in order to comply with the rule. Id. at p. 3.

Rule 404(b)'s first requirement is the evidence must be relevant to a material issue. See Thomas, 593 F.3d at 757. Evidence of subsequent receipt of child pornography is relevant to a material issue because it affects the likelihood defendant had the requisite intent for the earlier alleged receipt and possession of child pornography. Cf. United States v. Brumfield, 686 F.3d 960, 962-63 (8th Cir. 2012) (admitting evidence under 404(b) of defendant propositioning a minor to have sex with him when the government charged defendant with possession of child pornography).

The second 404(b) requirement is the evidence must be "similar in kind and close in time to the crime charged." See Thomas, 593 F.3d at 757. The proffered evidence is similar because it is identical to count II and relates to child pornography in a manner similar to count I. As to the issue of the 404(b) evidence occurring after the indictment in CR. 14-50046, "[t]he terms of Rule 404(b) draw no distinction between prior and subsequent acts that would support different analyses . . . nor [has the Eighth Circuit] applied different

16

analyses . . . ."  Id. at 759.  "[T]he mere subsequency of an act to that charged in an indictment does not on that ground alone make it incompetent to establish intent or motive."  United States v. Johnson, 934 F.2d 936, 940 (8th Cir. 1991) (internal quotation marks and citations omitted).  When the crime the government seeks to admit via 404(b) is similar to the case's charges, only "an enormous lapse of time" will cause a problem.  See Thomas, 593 F.3d at 758 (citing United States v. Anifowoshe, 307 F.3d 643, 647 (7th Cir. 2002)).  Considering the similarity in defendant's alleged conduct, the 16-month time period between the offenses charged in CR. 14-50046 and CR. 15-50138 does not make the 404(b) evidence too distant in time.  See id. at 759 (holding a four-year gap in time is consistent with the rule when the two instances of conduct are similar).

Rule 404(b)'s third requirement is for the party proffering a 404(b) act to prove it by a preponderance of the evidence.  See id. at 757.  The indictment and bill of particulars filed in CR. 15-50138 provide sufficient, reliable detail to prove defendant's conduct by a preponderance of the evidence.  (CR. 15-50138, Dockets 1 & 29).

The final requirement under 404(b) is the prejudicial effect of the evidence must not substantially outweigh its probative value.  See Thomas, 593 F.3d at 757.  Evidence of similar criminal activity is probative of intent in establishing a previous criminal violation.  Cf. id. at 759 (finding evidence of similar drug activity is probative of intent in proving a previous drug violation).  Specifically, evidence of defendant receiving child pornography is probative of

17

his intent with respect to earlier charges of receipt and possession of child pornography. See Brumfeld, 686 F.3d at 963. The court can minimize unfair prejudice by instructing the jury to use the subsequent act to establish intent and not guilt. See id. Any prejudicial effect of admitting the proffered 404(b) evidence does not substantially outweigh the probative value.

The court finds the proffered 404(b) evidence regarding defendant's subsequent receipt of child pornography is admissible.

As noted earlier, whether the 404(b) evidence from CR. 15-50138 is admissible in CR. 14-50046 answers the Rule 8 and Rule 14 issues necessary to resolving the government's motion for joinder. See supra Section II.A. Because the government's proffered 404(b) evidence is admissible, Rule 8 permits joining the charge in CR. 15-50138 with counts I and II of CR. 14-50046. For the same reason, Rule 14 does not prohibit joinder. Consolidation of cases CR. 15-50138 and CR. 14-50046 shall occur and all future pleadings shall be filed in CR. 14-50046. For purposes of trial, the allegations in count I of CR. 15-50138 will be identified as count III in CR. 14-50046.

## II.    DEFENDANT'S FIRST MOTION *IN LIMINE*

Defendant's motion *in limine* seeks to limit the government's use of child pornography images or videos in the jury's presence. (Docket 107 at p. 1). Defendant requests one of three options:

1. Bar publication of child pornography images or videos to the jury;

2. Allow the government to refer to the images and videos as contraband pornography or by the file names of the various images/videos; or

3.   Allow the government to enter a very limited number of images, 3, and no videos, and disclose the images to defense counsel prior to trial.

Id. at p.1.

The court denies defendant's first and second proposals because granting either would constitute an abuse of discretion under Eighth Circuit precedent.  See United States v. Sewell, 457 F.3d 841, 844 (8th Cir. 2006) (holding a district court's exclusion of a representative sample of images was an abuse of discretion).

The court defers ruling on defendant's third proposal.  The government must have the opportunity to present a representative sample of the images.  See id.  At this point, the court cannot determine whether defendant's third proposal comports with Sewell.  The court will view the images proposed by the government in advance of the pretrial conference and will resolve this motion *in limine* during the pretrial conference.

## ORDER

Based on the above analysis, it is

ORDERED that defendant's motion to sever counts I and II (CR. 14-50046, Docket 104) is denied.

IT IS FURTHER ORDERED that defendant's objections to the use of Rule 404(b) evidence (CR. 14-50046, Docket 116; CR. 15-50138, Docket 38) are overruled.

IT IS FURTHER ORDERED that the government's motions for consolidation (CR. 14-50046, Docket 110; CR. 15-50138, Docket 35) are granted.

IT IS FURTHER ORDERED that CR. 14-50046 and CR. 15-50138 are consolidated and all future pleadings shall be filed in CR. 14-50046.

IT IS FURTHER ORDERED that count I of CR. 15-50138 shall be identified as count III in the jury instructions and verdict form for trial in CR. 14-50046.

IT IS FURTHER ORDERED that defendant's motion *in limine* (CR. 14-50046, Docket 106) is denied in part and the court will resolve the remaining issue at the pretrial conference.

IT IS FURTHER ORDERED that a scheduling order will follow.

Dated February 7, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

20